BAUM RESEARCH AND DEVELOPMENT COMPANY, INC. and Charles S. Baum, Plaintiffs–Appellees,

v.

UNIVERSITY OF MASSACHUSETTS AT LOWELL, Defendant–Appellant.

Baum Research and Development Company, Inc. and Charles S. Baum, Plaintiffs–Appellants,

v.

University of Massachusetts at Lowell, Defendant–Appellee.

Nos. 2006–1330, 2006–1331.

United States Court of Appeals, Federal Circuit.

June 27, 2006.

Before MICHEL, Chief Judge, LINN and DYK, Circuit Judges.

---

## ON MOTION

DYK, Circuit Judge.

### ORDER

Baum Research and Development Company, Inc. et al. move to dismiss the appeal of the University of Massachusetts at Lowell (the University), 2006–1330, from a ruling in *Baum Research and Development Co. v. Univ. of Massachusetts,* No. 1:02–CV–0674, 2006 WL 461224 (W.D.Mich.), for lack of jurisdiction. The University opposes and moves for an extension of time, until July 28, 2006, to file its brief. The court considers whether Baum's cross-appeal, 2006–1331, should be dismissed.

Baum sued the University for breach of a licensing agreement and patent infringement. Shortly thereafter, the University filed a motion to dismiss alleging, among other things, sovereign immunity. In 2003, the United States District Court for the Western District of Michigan denied the University's motion. Subsequently, the district court bifurcated the contract and patent claims. After trial on the contract issues, the University filed a motion for judgment as a matter of law renewing its claim of sovereign immunity and, in the alternative, seeking a new trial. The University also filed a motion to dismiss the patent claims on the basis of sovereign immunity. On February 24, 2006, the district court concluded that the University had waived its sovereign immunity defense to the patent and contract claims, but ordered a new trial limited to the amount of damages on the contract claims. The University appealed the order rejecting its sovereign immunity defense asserting that this court has jurisdiction under the collateral order doctrine and citing *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1992). Baum filed a notice of cross-appeal from the February 24, 2006 order in which Baum states: "Plaintiffs are challenging the jurisdiction of the Court of Appeals in defendant-appellant's principal appeal.... [T]his cross-appeal is being preserved in the event the Court of Appeals determines it has jurisdiction"

As a threshold matter, Baum asserts that this court lacks jurisdiction on the basis that the University's appeal should have gone to the regional circuit "because the appeal involves issues of Eleventh Amendment immunity and does not involve questions related to patents." We reject this argument as meritless. Baum's complaint raised patent claims and established the district court's jurisdiction under 28 U.S.C. § 1338(a). Thus, this case "arises under" patent law and is within our jurisdiction; the fact that the trial court bifurcated the claims and the appeal involves only sovereign immunity issues is irrelevant. *See Holmes Group, Inc. v. Vornado Air Circulation Sys.,* 535 U.S. 826, 830, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002) ("The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law.... As 'appropriately adapted to § 1338(a),' the well-pleaded-complaint rule provides that whether a case 'arises under' patent law 'must be determined from'" the complaint).

Next, Baum asserts that the University has "waived its right to interlocutory review" by failing to appeal the district court's initial 2003 ruling on the sovereign immunity issue. Baum disagrees, asserting that it can successively raise the issue and appeal from a later ruling. We deem the better course is for the parties to present these arguments in the briefs.

Turning to Baum's cross-appeal, we conclude that it is not properly before the court. Baum was adversely affected by the district court's order of a new trial.

However, that is an unappealable interlocutory order. *See Allied Chem. Corp. v. Daiflon,* 449 U.S. 33, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980) (an order granting a new trial is interlocutory in nature and therefore not immediately appealable). Thus, the cross-appeal must be dismissed.

Accordingly,

IT IS ORDERED THAT:

(1) Baum's motion to dismiss the University's appeal, 2006–1330, is denied.

(2) Baum's appeal, 2006–1331, is dismissed

(3) Each side shall bear its own costs pertaining to 2006–1331.

(4) The revised official caption for 2006–1330 is reflected above.

(5) The University's motion for an extension of time to file its brief is granted. The brief is due July 28, 2006.